**KANAWHA COAL COMPANY, Petitioner,**

v.

**Cecil D. ANDRUS, Secretary of the Interior, Respondent,**

**and**

**United Mine Workers of America, Intervenor-Respondent.**

No. 77–1089.

United States Court of Appeals, Fourth Circuit.

Argued March 16, 1977.

Decided April 22, 1977.

Edward N. Hall, Charleston, W. Va. (Harold S. Albertson, Jr., Hall & Albertson, Charleston, W. Va., Alexander Wellford, William F. Etherington, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., on brief), for petitioner.

Frank A. Rosenfeld, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C. (Barbera Allen Babcock, Acting Asst. Atty. Gen. and Robert E. Kopp, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for respondent.

Steven B. Jacobson, Washington, D. C. (Harrison Combs, Washington, D. C., on brief), for respondent-intervenor.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

On April 30, 1973, the Mining Enforcement and Safety Administration (MESA), acting pursuant to 30 U.S.C. § 814(b),[1] issued a notice of violation to Kanawha Coal Company, citing it for excessive noise at its Madison Preparation Plant. *See* 30 C.F.R. 71.300. After conditionally approving the Company's plan to abate the violation

---

1. In pertinent part, Section 814(b) provides:

    [I]f, upon any inspection of a coal mine, an authorized representative of the Secretary finds that there has been a violation of any mandatory health or safety standard but the violation has not created an imminent danger, he shall issue a notice to the operator . . . fixing a reasonable time for the abatement of the violation. If, upon the expiration of the period of time as originally fixed or subsequently extended, an authorized representative of the Secretary finds that the violation has not been totally abated, and . . . that the [deadline for abatement] should not be further extended, he shall . . . issue an order requiring the operator [to close the area affected by the violation] until an authorized representative of the Secretary determines that the violation has been abated.

through the use of engineering controls,[2] MESA issued several amended notices extending the deadline of the original notice for abating the violation. On March 19, 1975, the Company filed an application for administrative review of the amended notice of February 18, 1975, pursuant to 30 U.S.C. § 815(a)(1).[3] On May 14, 1975, the Company submitted a new plan providing for the abatement of the violation through the use of earmuffs (and earplugs), together with a campaign to persuade the workers to wear them; and, at an expedited hearing before an Administrative Law Judge on June 3 to June 6, 1975, it argued that the violation had been abated by implementation of this new plan. The Administrative Law Judge agreed with the Company and terminated the April 30, 1973, Notice of Violation. The Interior Board of Mine Operations Appeals reversed this decision on the ground that the Administrative Law Judge lacked jurisdiction to determine whether the May 14 plan abated the violation because it was submitted to MESA only after the last amended notice had been issued. This petition for review followed.

It is the position of the Secretary that, at the hearing on June 3–6, 1975, the Administrative Law Judge did not have jurisdiction to decide any question other than whether a violation existed at the time the February 18, 1975 amended notice of violation was issued and whether the time for abatement fixed by that notice was reasonable.[4] The Secretary concedes, however, that if the operator has instituted a plan to abate the violation through use of earmuffs or other devices since the date of the notice, then the operator may proceed until the Secretary issues a new notice of violation (i. e. until the Secretary formally finds that the plan does not abate the violation), and, if the operator request, it can, at that time, secure an administrative hearing to determine whether the new plan does, in fact, abate the violation. If the Administrative Law Judge decides against the operator and that decision is affirmed by the Secretary, the operator will then be entitled to judicial review.

We conclude that this is an appropriate construction of the statute and we therefore deny the petition for review. But, in the event that the Secretary issues a "closure order" which becomes effective before the operator is accorded an administrative hearing on its contention that the earmuff plan has abated the violation, the operator can apply to this court for a stay of that order pending such hearing.

*PETITION FOR REVIEW DENIED.*

2. 30 C.F.R. 71.305(b)(2) requires the operator to submit a plan to abate the violation and to assure a continuing program to protect the miners' hearing within sixty days after issuance of the original notice of violation.

3. In pertinent part, Section 815(a)(1) provides:
An operator issued a notice pursuant to section 814(b) . . . of this title, . . . may, if he believes that the period of time fixed in such notice for the abatement of the violation is unreasonable, apply to the Secretary for review of the notice within thirty days of the receipt thereof.

4. Subsequent amended notices were issued on April 3, 1975, and May 8, 1975. 43 C.F.R. 4.533 allows an operator to challenge any later extension or modification of the notice which is the subject of its application for administrative review but to do so he must file copies of such extensions or modifications within fifteen days of receipt. Apparently, the parties disagree as to whether this was properly done in this case. The Secretary contends, however, that the issue is irrelevant since the Company's earmuff plan was not submitted until May 14, 1975—six days after the last amended notice.