UNITED STATES of America, Plaintiff,

v.

F. Boyd FOWLER, dba Fowler and Chaney Coal Co., Defendant.

UNITED STATES of America, Plaintiff,

v.

Glen A. SMITH, dba Loose Jaw Coal Co., Defendant.

Civ. A. Nos. 78–0174–B, 78–0177–B.

United States District Court,
W. D. Virginia.

Feb. 19, 1980.

U. S. Atty. Paul R. Thomson, Jr., E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for plaintiff.

David S. Smith, Kilcullen, Smith & Heenan, Washington, D. C., Robert T. Winston, Mullins, Winston & Roberson, Norton, Va., E. K. Street, Street, Street & Street, Grundy, Va., Donald E. Earls, Earls, Wolfe & Farmer, Carl E. McAfee, Cline, McAfee & Adkins, Norton, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

The above-styled cases came before this court when the United States of America filed petitions to enforce civil penalty assessments levied by the Mining Enforcement and Safety Administration (MESA) of the United States Department of the Interior. These petitions were filed pursuant to Federal Coal Mine Health and Safety Act of 1969.[1] The question currently before the court is whether the 1969 Act requires the district court to review de novo the factual basis of any alleged violations.[2] The parties agree the respondents are entitled to a jury trial de novo on the amount of assessed penalties if one is requested.[3] Petitioner has filed a motion for summary judgment, or, in the alternative, if respondents desire de novo redetermination of the amounts of the penalties, moves for interlocutory summary judgment on the issue of liability alone. The cases have been consolidated under Rule 42(a) for a decision on the common matter in issue.

The section of the Act that is in dispute is § 109(a)(4), 30 U.S.C. § 819(a)(4):

> The [district] court shall consider and determine de novo all relevant issues, *except issues of fact which were or could have been litigated in review proceedings before a court of appeals under section 106 of this Act,* and upon the request of the respondent, such issues of fact which are in dispute shall be submitted to a jury. On the basis of the jury's findings, the court shall determine the amount of the penalty to be imposed. (emphasis added.)

Petitioner argues the clause that excludes from de novo review "issues of fact which were or could have been litigated in review proceedings before a court of appeals under section 106 of this Act" limits respondents to de novo review of the amount of the assessed penalties. The proper course for the review of the factual basis of a violation, the petitioner continues, is to seek review of the violation notice under § 106, which provides:

---

1. The 1969 Act has been substantially altered by the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 et seq. Because this proceeding is under the 1969 Act, citations are to the Code prior to amendment, 30 U.S.C.A. § 801 et seq. (1971).

2. The U. S. Supreme Court was indirectly confronted with this question in *Independent Coal Operators' Ass'n. v. Kleppe,* 423 U.S. 388, 96 S.Ct. 809, 46 L.Ed.2d 580 (1976). It said only that "[t]he statutory scheme is less than clear on this matter. Compare § 106 with § 109(a) . . . . We need not reach the issue to dispose of this case." 423 U.S. at 393 n. 3, 96 S.Ct. at 812 n. 3.

Two other district courts have ruled on this issue: *Andrus v. Double "Q", Inc.,* Civil Action, 466 F.Supp. 8 (E.D.Tenn.1977) *appeal docketed,* 617 F.2d 602 (6th Cir.) (held that Act only provides for de novo review of the amount of the penalty and for substantial evidence review of the underlying administrative record wherein the violations are determined to have been proved or not proved); *United States v. Hinks,* Civil Action No. 78–670 (M.D. Penn.1978) (held that "defendant was entitled to a jury trial on all disputed issues of fact including whether a violation of the Federal Mine Health and Safety Act has occurred").

3. Petitioner, however, also maintains that respondent must specify the amounts which they wish to dispute.

Any order or decision issued by the Secretary . . . under this chapter, except an order or decision under section 109(a) [section 819(a) of title 30], shall be subject to judicial review by the United States court of appeals . . ., upon the filing in such court within thirty days from the date of such order or decision of petition . . ., except that the court shall not consider such petition unless such person has exhausted administrative remedies available under this chapter.

Petitioner concludes that this course of review renders respondents subject to the exclusionary language in § 109, "issues of fact which were or could have been litigated in the court of appeals under § 106," since respondent had the option to appeal the violation notice to the Secretary, under § 105, and then to the court of appeals under § 106.

This argument must fail because § 105 does not provide for a review of whether a violation occurred. Section 105 provides that an operator issued an abatement of violation notice can apply to the Secretary for review of the notice if he believes that the period of time fixed in the notice for abatement of the violation is unreasonable. Section 105 has been held to be applicable only for review of the time period given for abatement of violations and not for review of the underlying basis of the violation. *United Mine Workers v. Andrus*, 189 U.S. App.D.C. 110, 581 F.2d 888 (D.C.Cir. 1978), *cert. den'd.*, 439 U.S. 928, 99 S.Ct. 313, 58 L.Ed.2d 321. The court therein rejected the concept that " 'any time for abatement is an unreasonable time if no violation exists,' " 189 U.S.App.D.C. at 115, 581 F.2d at 893, and held that such an interpretation of the statute would obliterate the distinction made in § 105(a)(1) between administrative review of withdrawal orders and of violation notices.[4]

This decision would seem to be at odds with the prior United States Supreme Court case of *Independent Coal Operators' Ass'n. v. Kleppe*, 423 U.S. 388, 96 S.Ct. 809, 46 L.Ed.2d 580 (1976), in which the Supreme Court said that "[u]nder § 105, 30 U.S.C. § 815, an operator may apply to the Secretary for review of the factual basis of any order or notice issued under § 104, or for review of the amount of time allowed for abatement of violations." 423 U.S. at 391, 96 S.Ct. at 811. The District of Columbia Court of Appeals met this issue head on, however, and said that they were "unwilling to assume that this casual description was intended as a definitive interpretation of the scope of permissible review." 189 U.S.App.D.C. at 116 n. 50, 581 F.2d at 894 n. 50.

In addition, § 106(a) specifically excepts from judicial review by the court of appeals any order or decision under § 109(a). Section 109(a)(3) is the only section in the act that provides for the Secretary to find whether a violation did occur. 30 U.S.C. § 819(a)(3). Section 109(a)(3) was the subject of *N. I. C. O. A. v. Kleppe*, 423 U.S. 388, 96 S.Ct. 809, 46 L.Ed.2d 580 (1976), in which the court held that the Secretary does not have to make formal findings of fact under the section unless a hearing has been requested. The Court rationalized this holding in light of the review operators may request if enforcement proceedings are brought in district court by the Secretary and because the "Secretary has a sufficient factual predicate for the assessment of a penalty based on the reports of the trained and experienced inspectors who find violations." 423 U.S. at 398, 96 S.Ct. at 814. This rationalization points out a distinction to be made in the procedures outlined by the Act. If the operator requests a hearing, then the Secretary must make formal findings of facts that the district court will review. However, if the operator does not

4. The District of Columbia court notes that other courts have disagreed with this interpretation. 189 U.S.App.D.C. n. 50, 581 F.2d n. 50. The Fourth Circuit Court of Appeals is also mentioned as having noted, *without criticism*, that "the position of the Secretary [is] that" administrative review extends to "whether a violation existed . . . and whether the time for abatement fixed by that notice was reasonable." *Id., citing Kanawha Coal Co. v. Andrus*, 553 F.2d 361, 363 (4th Cir. 1977).

request a hearing, he will not be penalized because he can still request *de novo* review of the violation in district court. It behooves the mine operators, under the procedure outlined by the act, to refuse to pay the penalty and force the Secretary to bring an enforcement action in United States District Court.

The language in § 109(a)(4) excluding *de novo* review of any issues "which were or could have been litigated in review proceedings before a court of appeals under section 106," prevents relitigation of whether the abatement period was reasonable and also provides against duplication of litigation in the event the Secretary has consolidated an operator-requested hearing under § 109(a)(3) with any other proceedings brought under § 105.

In accordance with the opinions expressed above, petitioner's motion for summary judgment is denied and the parties are ordered to proceed to trial.

The Clerk of this court is directed to send certified copies of this Memorandum Opinion and Order to counsel of record.